IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHELLE P. BATES,              }
                                }
    Plaintiff,                  }
                                }   CIVIL ACTION NO.
v.                              }
                                }   CV-00-AR-3587-S
HEALTHSOUTH CORPORATION,        }
                                }
    Defendant.                  }

FILED 02 JAN 30 PM 2:45 U.S. D.C. N.D. OF ALABAMA

ENTERED
JAN 30 2002

**MEMORANDUM OPINION**

The above-entitled case has been pending in this court since December 13, 2000. A scheduling order was entered on January 29, 2001, in accordance with the plan mutually agreed upon by the parties. It provided for initial disclosures by February 2, 2001. Defendant, HealthSouth Corporation ("HealthSouth"), pursuant to the said disclosure requirement, timely notified plaintiff, Michelle P. Bates ("Bates"), of its material witnesses, including Richard Chambers, William Douglass, Dan Johnson, and Sandra Strength. By the terms of the scheduling order discovery was complete on November 15, 2001. During the discovery period, Bates never sought to depose any of HealthSouth's said four named material witnesses. The dispositive motion deadline was December 17, 2001, the date upon which HealthSouth filed the motion for summary judgment which is now under consideration and is the subject of this opinion.

On January 3, 2002, the date for Bates to respond to HealthSouth's Rule 56 motion under the submission order, she moved to strike defendant's motion. Her said motion was denied on



January 22, 2002, in an order which said, *inter alia*:

> Plaintiff offers nothing to justify an extension of the dispositive motion deadline, or to explain why she did not timely depose Richard Chambers, William Douglass, Dan Johnson, and/or Sandra Strength. Nevertheless, the submission order of December 1, 2001, is AMENDED to allow plaintiff until 4:30 p.m., January 25, 2002, to respond to defendant's motion for summary judgment.

By 4:30 p.m., January 25, 2002, Bates had not responded to HealthSouth's motion for summary judgment. Instead, on the last day Bates filed what she styles "Amended Declaration Under Penalty of Perjury pursuant to 28 U.S.C. §1746". This declaration again attempts to invoke Rule 56(f), F.R.Civ.P., for the purpose of again requesting the reopening of discovery for some undetermined period to allow plaintiff to depose HealthSouth's four affiants. Bates does not ask for an amendment to the scheduling order, unless by implication.

A leading treatise, if not the leading treatise, on federal practice outlines the rules that are applicable to the procedural facts of this case:

> [A] party seeking a Rule 56(f) continuance is generally required to demonstrate **due diligence both in pursuing discovery before the summary judgment motion is made and in pursuing the extension of time after the motion is made.** The courts consider several factors in determining whether a party has been diligent in pursuing discovery: (1) **the length of the pendency of the case prior to the rule 56(f) request; (2) whether and when the party could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made to obtain the needed information through formal discovery or otherwise;** (4) the degree and nature of discovery already taken; (5) **any limitations placed on discovery by the trial court;**

2

>(6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning that, absent a speedier request, discovery might be denied; and (8) **whether the requested information was inaccessible to the requesting party.**

Moore's Federal Practice 3d, §56.10[8][a] (emphasis added).

Bates falls short in all respects emphasized above,

>Professor Moore also says:
>
>[A] court may reject a request for time to conduct further discovery, even if properly and timely made, if it deems the request to be based on speculation as to what potentially could be discovered.

Moore's Federal Practice 3d, §56.10[8][a].

The theoretical possibility that by deposing four of defendant's supervisory employees whom Bates could easily have deposed long ago, she can get the witnesses to repudiate their sworn affidavits, is so speculative as to fit perfectly Professor Moore's above quoted admonition.

There is nothing unusual about a Rule 56 movant's reliance upon an affidavit. In fact, it is unusual for affidavits not to be used in support of a summary judgment motion. There was no reason whatsoever for Bates to be surprised when HealthSouth submitted these particular affidavits in support of its Rule 56 motion. A party has an obligation to anticipate the expected. The fact that Bates has not offered any excuse for not deposing these witnesses sooner may be explained by the fact that there is no excuse for it.

The facts demonstrated by the evidence submitted by HealthSouth, and found to meet the standards for admissibility, are

3

uncontradicted. Unless the court reopens discovery and allows Bates to cast around for a shred of evidence upon which to challenge the veracity of HealthSouth's witnesses, the relevant facts bearing on all issues are undisputed. This court is not called upon to discount or to disbelieve sworn testimony that is unchallenged on Rule 56 consideration.

The various claims or counts contained in Bates's complaint are unsupported by any evidence whatsoever, and, to the contrary, HealthSouth's responses to Bates's bare, unverified allegations are demonstrably and necessarily deemed to be true and correct.

Although the court is not bound to subscribe to all of the propositions of law put forward by HealthSouth in the quality brief that it has submitted in support of its Rule 56 motion (even without any responding brief from Bates), the undisputed facts, and the absence of any evidence to support plaintiff's claims, are more persuasive than any brief could be. Nevertheless, the court finds HealthSouth's brief persuasive.

HealthSouth's positions, as articulated in its motion and brief, entitle it to a summary judgment which will be entered by separate order.

DONE this 30th day of January, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE